| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: Southern District of Texas (State) | |
| Case number (if known): _____   Chapter  11 | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's Name**  
   California Pizza Kitchen, Inc.

2. **All other names debtor used in the last 8 years**  
   N/A  
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  
   95-4040623

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 12181 Bluff Creek Drive | |
   | Number      Street | Number      Street |
   | 5th Floor | |
   | | P.O. Box |
   | Playa Vista, California 90094 | |
   | City           State       Zip Code | City           State       Zip Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Los Angeles County | |
   | County | Number      Street |
   | | |
   | | City           State       Zip Code |

5. **Debtor's website** (URL)  
   http://www.cpk.com

6. **Type of debtor**  
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
   ☐ Partnership (excluding LLP)  
   ☐ Other. Specify: _____

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 1

Debtor    California Pizza Kitchen, Inc.      Case number *(if known)* _____
        *Name*

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**722511 (Full Service Restaurants)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☒ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.    District _____ When _____ Case number _____
                                     MM/DD/YYYY
           District _____ When _____ Case number _____
                                     MM/DD/YYYY

| Debtor | California Pizza Kitchen, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

| | | | |
|---|---|---|---|
| Debtor | See Rider 1 | Relationship | Affiliate |
| District | Southern District of Texas | When | 07/29/2020 |
| Case number, if known | | | MM / DD / YYYY |

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
Number    Street

_____
City               State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☒ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

[1] The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a *consolidated* basis.

Debtor     California Pizza Kitchen, Inc.                    Case number (if known) _____
           Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/29/2020
              MM/ DD / YYYY

✗  /s/ James Hyatt                                  James Hyatt
   Signature of authorized representative of debtor  Printed name

   Title   **Chief Executive Officer**

**18. Signature of attorney**

✗  /s/ Matthew D. Cavenaugh           Date  07/29/2020
   Signature of attorney for debtor         MM/DD/YYYY

   **Matthew D. Cavenaugh**
   Printed name

   **Jackson Walker L.L.P.**
   Firm name

   **1401 McKinney Street, Suite 1900**
   Number        Street

   **Houston**                          **Texas**   **77010**
   City                                 State      ZIP Code

   **(713) 752-4200**                   **mcavenaugh@jw.com**
   Contact phone                        Email address

   **24062656**                         **Texas**
   Bar number                           State

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| **Southern District of Texas** |
| (State) |
| Case number *(if known)*: _____ Chapter __11__ |

☐ Check if this is an amended filing

## Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of California Pizza Kitchen, Inc.

| |
|---|
| California Pizza Kitchen Inc. |
| California Pizza Kitchen of Annapolis, Inc. |
| CPK Holdings Inc. |
| CPK Hospitality, LLC |
| CPK Hunt Valley, Inc. |
| CPK Management Company |
| CPK Spirits LLC |
| CPK Texas, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| CALIFORNIA PIZZA KITCHEN, INC., | ) Case No. 20-_____(___) |
| Debtor. | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| California Pizza Kitchen, Inc. | CPK Holdings Inc. | 12181 Bluff Creek Drive, 5th Floor, Playa Vista, California 90094 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| CALIFORNIA PIZZA KITCHEN, INC., | ) Case No. 20-_____(___) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| CPK Holdings Inc. | 100% |

Fill in this information to identify the case:

Debtor name: California Pizza Kitchen Inc., et al.,
United States Bankruptcy Court for the: Southern District of Texas
Case number (If known): _____

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

4/22

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | SIMON PROPERTY GROUP, INC.<br>225 WEST WASHINGTON STREET<br>INDIANAPOLIS, IN 46204 | ATTN: JUSTIN STEIN<br><br>Phone: 212-745-9610<br>Email: JSTEIN@SIMON.COM | LANDLORD | | | | $2,865,798 |
| 2 | SYSCO CORPORATION<br>1390 ENCLAVE PARKWAY<br>HOUSTON, TX 77077-2099 | ATTN: KEVIN HOURICAN<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: 281-584-1390 | TRADE PAYABLE | | | | $2,848,577 |
| 3 | BROOKFIELD ASSET MANAGEMENT<br>250 VESEY STREET, 15TH FLOOR<br>NEW YORK, NY 10281-1023 | ATTN: KEITH ISSELHARDT<br><br>Phone: 315-569-9812<br>Email: KEITH.ISSELHARDT@BROOKFIELDPROPERTIESRETAIL.COM | LANDLORD | | | | $2,737,040 |
| 4 | WESTFIELD PROPERTY MANAGEMENT LLC<br>2049 CENTURY PARK EAST 41ST FLOOR<br>LOS ANGELES, CA 90067 | ATTN: JOHN MILLER<br><br>Phone: 310-401-4343<br>Email: JOHN.MILLER@URW.COM | LANDLORD | | | | $1,854,422 |
| 5 | FRESHPOINT INC.<br>5900 N. GOLDEN STATE BLVD.<br>TURLOCK, CA 95382 | ATTN: ROBERT GORDON<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER | TRADE PAYABLE | | | | $1,579,775 |
| 6 | TAUBMAN CENTERS, INC.<br>200 E. LONG LAKE ROAD, SUITE 300<br>BLOOMFIELD HILLS, MI 48304-2324 | ATTN: MICHELE WALTON<br><br>Phone: 248-792-1697<br>Email: MWALTON@TAUBMAN.COM | LANDLORD | | | | $1,316,840 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | MACERICH<br>401 WILSHIRE BOULEVARD, SUITE 700<br>SANTA MONICA, CA 90401 | ATTN: BILL PALMER<br><br>Phone: 585-249-4421<br>Email: BILL.PALMER@MACERICH.COM | LANDLORD | | | | $1,267,392 |
| 8 | THE IRVINE COMPANY LLC<br>550 NEWPORT CENTER DRIVE<br>NEWPORT BEACH, CA 92660 | ATTN: DOUG STUBBLEFIELD<br><br>Phone: 949-720-2536<br>Email: DSTUBBLEFIELD@IRVINECOMPANY.COM | LANDLORD | | | | $703,067 |
| 9 | STARWOOD RETAIL PARTNERS<br>1 EAST WACKER, SUITE 3600<br>CHICAGO, IL 60601 | ATTN: BILL CIKALO<br><br>Phone: 312-283-5121<br>Email: BCIKALO@STARWOODRETAIL.COM | LANDLORD | | | | $620,595 |
| 10 | COLE CP/ VEREIT REAL ESTATE, LP<br>4700 WILSHIRE BOULEVARD<br>LOS ANGELES, CA 90010 | ATTN: ROBIN MORA<br><br>Phone: 602-513-0462<br>Email: RMORA@VEREIT.COM | LANDLORD | | | | $608,356 |
| 11 | WASSERSTROM COMPANY<br>4500 E BROAD ST<br>COLUMBUS, OH 43213 | ATTN: RODNEY WASSERSTROM<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: 614-228-6525 | TRADE PAYABLE | | | | $583,652 |
| 12 | THE FORBES COMPANY<br>100 GALLERIA OFFICENTRE, SUITE 427<br>SOUTHFIELD, MI 48034-8430 | ATTN: HANS WOLF<br><br>Phone: 312-339-6395<br>Email: HWOLF@THEFORBESCOMPANY.COM | LANDLORD | | | | $532,466 |
| 13 | FOREST CITY REALTY<br>C/O BROOKFIELD ASSET MANAGEMENT INC.<br>250 VESEY STREET, 15TH FLOOR<br>NEW YORK, NY 10007 | ATTN: KEITH ISSELHARDT<br><br>Phone: 315-569-9812<br>Email: KEITH.ISSELHARDT@BROOKFIELDPROPERTIESRETAIL.COM | LANDLORD | | | | $498,271 |
| 14 | FOX INTERACTIVE MEDIA<br>407 N MAPLE DR<br>BEVERLY HILLS, CA 90210 | ATTN: DENISE ECCLESTON<br><br>Phone: 917-664-4765<br>Email: DENISE.ECCLESTON@DISNEY.COM | LANDLORD | | | | $454,966 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | Y. HATA AND CO LIMITED<br>285 SAND ISLAND ACCESS RD<br>HONOLULU, HI 96819 | ATTN: RUSSELL HATA<br>CHAIRMAN AND CHIEF EXECUTIVE OFFICER | TRADE PAYABLE | | | | $407,682 |
| 16 | CBL PROPERTIES<br>2030 HAMILTON PLACE BLVD.<br>CHATTANOOGA, TN 37421 | ATTN: HOWARD GRODY<br><br>Phone: 423-667-8485<br>Email: HOWARD.GRODY@CBLPROPERTIES.COM | LANDLORD | | | | $379,073 |
| 17 | CONSOLIDATED THEATRES MANAGEMENT, INC.<br>C/O READING INTERNATIONAL, INC.<br>5995 SEPULVEDA BLVD SUITE 300<br>CULVER CITY, CA 90230 | ATTN: GABRIELA MEDFORD<br><br>Email: GMEDFORD@DECURION.COM | LANDLORD | | | | $337,218 |
| 18 | BAIN DIGITAL MARKETING LLC<br>131 DARTMOUTH STREET<br>BOSTON, MA 02116 | ATTN: JOHN GRUDNOWSKI<br>EXPERT VICE PRESIDENT | TRADE PAYABLE | | | | $293,955 |
| 19 | VESTAR CAPITAL PARTNERS<br>2425 E. CAMELBACK ROAD SUITE 750<br>PHOENIX, AZ 85016 | ATTN: JEFF AXTELL<br><br>Phone: 562-938-1722<br>Email: JAXTELL@VESTAR.COM | LANDLORD | | | | $288,756 |
| 20 | BP PRUCENTER ACQUISITION LLC<br>C/O BOSTON PROPERTIES LIMITED PARTNERSHIP<br>800 BOYLSTON STREET, SUITE 1900<br>BOSTON, MA 02199-8103 | ATTN: SYDNEY RODENSTEIN<br><br>Email: SRODENSTEIN@BXP.COM | LANDLORD | | | | $273,942 |
| 21 | OPINIONATED GROUP<br>116 NE 6TH AVE #300<br>PORTLAND, OR 97232 | ATTN: MARK FITZLOFF<br>FOUNDER/ CREATIVE DIRECTOR | TRADE PAYABLE | | | | $252,979 |
| 22 | ZURICH U.S.<br>1299 ZURICH WAY ZAIC<br>SCHAUMBURG, IL 60196 | ATTN: KATHLEEN SAVIO<br>CHIEF EXECUTIVE OFFICER | TRADE PAYABLE | | | | $247,922 |
| 23 | ATLANTIC TOWN CENTER, L.L.C.<br>3280 PEACHTREE ROAD, NE, 20TH FLOOR<br>ATLANTA, GA 30305 | ATTN: NICK GARZIA<br><br>Email: NICK.GARZIA@HINES.COM | LANDLORD | | | | $242,276 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | H&H RETAIL OWNER<br>6801 HOLLYWOOD BLVD, STE 170<br>HOLLYWOOD, CA 90028-9117 | ATTN: PATRICIA APEL<br><br>Email: PAPEL@DJMCAPITAL.COM | LANDLORD | | | | $217,884 |
| 25 | GLIMCHER<br>C/O WASHINGTON PRIME GROUP<br>180 EAST BROAD STREET<br>COLUMBUS, OH 43215 | ATTN: SEAN MCMAHON<br><br>Email: SEAN.MCMAHON@WASHINGTONPRIME.COM | LANDLORD | | | | $217,524 |
| 26 | NCR CORPORATION<br>864 SPRING ST NW<br>ATLANTA, GA 30308 | ATTN: MICHAEL HAYFORD<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br><br>Phone: 937-445-1936 | TRADE PAYABLE | | | | $212,958 |
| 27 | TURNER DUCKWORTH<br>375 HUDSON STREET, 16TH FLOOR<br>NEW YORK, NY 10014 | ATTN: JOANNE CHAN<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: 212-463-2400 | TRADE PAYABLE | | | | $211,175 |
| 28 | NOBLE PEOPLE<br>13 CROSBY STREET #402<br>NEW YORK, NY 10013 | ATTN: GREG MARCH<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: 646-326-8515<br>Email: GREGMARCH@NOBLEPEOPLE.CO | TRADE PAYABLE | | | | $200,003 |
| 29 | FAIRBOURNE PROPERTIES<br>ONE EAST WACKER DRIVE, SUITE 3110<br>CHICAGO, IL 60601 | ATTN: MICHAEL WETHINGTON<br><br>Email: MWETHINGTON@FAIRBOURNE.COM | LANDLORD | | | | $191,059 |
| 30 | AMERICAN ASSETS<br>11455 EL CAMINO REAL, SUITE 200<br>SAN DIEGO, CA 92130 | ATTN: CHRIS SULLIVAN<br><br>Phone: 858-350-2584 | LANDLORD | | | | $185,320 |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | California Pizza Kitchen, Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**07/29/2020**
MM/ DD/YYYY

☒ */s/ James Hyatt*
Signature of individual signing on behalf of debtor
**James Hyatt**
Printed name
**Chief Executive Officer**
Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

# **SECRETARY CERTIFICATE**

July 29, 2020

The undersigned, Anne Jollay, as the secretary or the authorized signatory, as applicable, of, California Pizza Kitchen, Inc., California Pizza Kitchen of Annapolis, Inc., CPK Holdings Inc., CPK Hospitality, LLC, CPK Hunt Valley, Inc., CPK Management Company, CPK Spirits, LLC, and CPK Texas, LLC (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1. I am the duly qualified and elected chief executive officer or authorized signatory, as applicable, of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2. Attached hereto is a true, complete, and correct copy of the resolutions of the Companies' boards of directors, the manager, or sole member, as applicable (collectively, the "Board"), duly adopted at a properly convened and joint meeting of the Board of July 29, 2020, in accordance with the applicable limited liability company agreements, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company.

3. Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Board relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Companies as of the date hereof.

California Pizza Kitchen, Inc.
California Pizza Kitchen of Annapolis, Inc.
CPK Holdings Inc.
CPK Hospitality, LLC
CPK Hunt Valley, Inc.
CPK Management Company
CPK Spirits, LLC
CPK Texas, LLC

By: _____
Name: Anne Jollay
Title:  Authorized Signatory

*[Signature Page to Secretary Certificate]*

**RESOLUTIONS OF THE BOARDS OF DIRECTORS,
BOARDS OF MANAGERS, SOLE MANAGERS, MEMBERS,
SOLE MEMBER AND MANAGERS, LIMITED PARTNERS
AND OTHER GOVERNING BODIES**

July 29, 2020

Effective as of the date written above, the members of the respective board of directors or board of managers, the sole member or other governing body (each, a "Governing Body"), as applicable, of each of the entities listed on **Annex A** attached hereto (each a "Company" and collectively, the "Companies") hereby take the following actions and adopt the following resolutions set forth below, pursuant to the bylaws, limited liability company agreement, limited partnership agreement or similar document of each respective Company (as amended, restated or modified from time to time, as applicable, the "Governing Document") and the laws of the state of formation or organization of each Company as set forth next to each Company's name on **Annex A**.

**RESTRUCTURING SUPPORT AGREEMENT, CHAPTER 11 CASES, AND RETENTION OF PROFESSIONALS**

WHEREAS, the Governing Body of each Company has reviewed and considered presentations by the management and the financial and legal advisors (collectively, the "Advisors") of the Companies regarding (i) the liabilities and liquidity of each Company, the strategic alternatives available to it and the effect of the foregoing on each Company's business and (ii) certain proposed restructuring and recapitalization transactions involving Lenders (as defined below) with respect to the Companies' capital structure (the "Restructuring Transactions");

WHEREAS, the Governing Body of each Company has had the opportunity to consult with the management and the Advisors and to fully consider the Restructuring Transactions and other strategic alternatives available to such Company and deems it advisable and in the best interests of such Company to consummate the Restructuring Transactions pursuant to and to enter into that certain restructuring support agreement, by and among the Companies and the Consenting Stakeholders (as defined therein), in substantially the form presented to each Governing Body on or in advance of the date hereof (the "Restructuring Support Agreement");

WHEREAS, on July 29, 2020, the Governing Body of each Company, pursuant to that certain unanimous written consent dated July 29, 2020, previously have approved the Companies' entry into the DIP Credit Agreement and Loan Documents (as defined therein);

WHEREAS, in connection with the consummation of the Restructuring Transactions, the Governing Body of each Company deems it is advisable and in the best interests of such Company, after considering the interests of its creditors and other parties in interest, that such Company file a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the Southern

District of Texas (the "Bankruptcy Court") and/or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement be, and hereby are, approved, adopted, ratified and confirmed in all respects;

**FURTHER RESOLVED**, that any of the Chief Executive Officer, Chief Financial Officer, any Executive Vice President, General Counsel, Secretary or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and each of them here is, authorized, empowered and directed to execute, deliver and cause the performance of, in the name and on behalf of the Companies, as applicable, the Restructuring Support Agreement, with such changes therein, deletions therefrom or additions thereto, as any of the Authorized Signatories, acting in good faith, shall approve, the execution and delivery thereof to be conclusive evidence of the approval thereof by such Authorized Signatory;

**FURTHER RESOLVED**, that each Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, the Chapter 11 Case in the Bankruptcy Court and/or file or cause to be filed any other petition for relief or recognition or other order in connection with the Restructuring Transactions;

**FURTHER RESOLVED**, that any of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers or documents and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business.

**FURTHER RESOLVED**, that each of the Companies are hereby authorized to pay, or cause to be paid, all fees and expenses incurred in connection with the Restructuring Transactions, including, but not limited to, the Restructuring Support Agreement, Chapter 11 Case and the transactions contemplated thereby, and all fees and expenses appropriate in order to effectuate the purposes and intent of the Restructuring Transactions, the Restructuring Support Agreement, the Chapter 11 Case and these resolutions; and

**FURTHER RESOLVED**, that any of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed, in the name and on behalf of each Company, to take all action to notify, or to obtain any authorizations, consents, waivers or approvals of, any third party that such Authorized Signatory deems necessary, appropriate or advisable in order to carry out the Restructuring Transactions, including, but not limited to, terms and provisions of the Restructuring Support Agreement, the Chapter 11 Case and the transactions contemplated thereby.

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist

each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker LLP ("Jackson Walker") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Guggenheim Securities, LLC ("Guggenheim Securities") as financial advisor or investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Guggenheim Securities;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC ("A&M") as restructuring advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of A&M;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Hilco Real Estate, LLC ("Hilco") as real estate consultant and advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Hilco;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC ("Prime Clerk") as notice, claims, and solicitation agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and

obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## **GENERAL AUTHORIZATION AND RATIFICATION**

**RESOLVED,** that each of the Authorized Signatories be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Companies and their subsidiaries, including as the sole shareholder, partner, general partner, sole member, member, managing member, sole manager, manager or director of each applicable subsidiary of any such Company, if any, whether existing now or in the future, in each case, to consummate the transactions contemplated by the foregoing resolutions, to take or cause to be taken any and all further actions, to execute and deliver, or cause to be executed and delivered, all other documents, instruments, agreements, undertakings, and certificates of any kind and nature whatsoever, to incur and pay all fees and expenses and to engage such persons as such Authorized Signatory may determine to be necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions, and the execution by such Authorized Signatory of any such documents, instruments, agreements, undertakings and certificates, the payment of any fees and expenses or the engagement of such persons or the taking by such Authorized Signatory of any action in connection with the foregoing matters shall conclusively establish such Authorized Signatory's authority therefor and the acceptance, authorization, adoption, ratification, approval, confirmation and adoption by the Companies;

**FURTHER RESOLVED,** that any actions taken by any Authorized Signatory of any Company prior to the date hereof which would have been authorized by these resolutions, but for the fact that such actions were taken prior to the date hereof, be, and hereby are, authorized,

ratified, confirmed, adopted and approved in all respects as the acts and deeds of such Company, as the case may be; and

**FURTHER RESOLVED**, that these resolutions be duly filed with the minutes of the proceedings of each Governing Body, pursuant to their respective Governing Documents.

\* \* \*

**Annex A**

| Company | Jurisdiction |
|---|---|
| California Pizza Kitchen, Inc. | Delaware |
| California Pizza Kitchen of Annapolis, Inc. | Maryland |
| CPK Holdings Inc. | Delaware |
| CPK Hospitality, LLC | Texas |
| CPK Management Company | California |
| CPK Spirits, LLC | Texas |
| CPK Texas, LLC | Texas |